IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JIMMY AARON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZAXBY'S FRANCHISING, INC.; ZAXBY'S ) <br> HOLDINGS, LLC, ) <br> ) <br> Defendants. ) | Civil Action No.: 3:12-cv-136 |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff Jimmy Aaron, (hereinafter collectively referred to as "Plaintiff") on behalf of himself and all others similarly situated, brings this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff is a current employee of Zaxby's engaged as an employee of Zaxby's Store on Hull Road. Plaintiff alleges that Defendant Zaxby's has willfully violated Plaintiff's right to receive compensation for hours worked. Pursuant to 29 U.S.C. § 216(b), the Plaintiff also seeks to represent all other similarly situated employees who now work or have worked as employees at any Zaxby's store since three years prior to the date this action is filed.

2. Plaintiff is a current employee of Zaxby's who has been an employee of Zaxby's for three years prior to the commencement of this action. Plaintiff brings this action on his own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a proposed collective action of similarly-situated employees.

3. Zaxby's is a Georgia corporation with its principal office in Athens, Georgia, and is authorized to do business in the State of Georgia.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. §1391 because the events or omissions giving rise to the claims have occurred within this District.

5. The FLSA regulates, among other things, the payment of compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

6. At all times pertinent to this Complaint, Zaxby's has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and (s). Zaxby's annual gross sales volume exceeds $500,000.00 per annum.

## COLLECTIVE ACTION

7. The Plaintiff and the members of the proposed class are or were employed by Zaxby's and are or were engaged as hourly employees at various Zaxby's restaurants and in particular the restaurant in Athens, Georgia on Hull Road.

8. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and the following proposed class of similarly situated employees: a collective action of current and former employees of Zaxby's who have held a position during all or any part of the period beginning three years prior to the date this action was filed, who, in violation of the FLSA, have not been fully compensated for hours worked.

9. Members of the proposed class are current or former Zaxby's employees who have been subject to the same unlawful practices alleged herein and, therefore, are similarly situated to the Plaintiff named in this Complaint. The members of the proposed class work or worked in the same job as to that held by the Plaintiff and are subject to the same or similar pay practices. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and members of the proposed class.

10. Plaintiff, Jimmy Aaron, requests that he be permitted to serve as representative of those who have consented to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

11. Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth again fully at this point.

12. The Plaintiffs and members of the proposed class were at all times considered non-exempt employees by Zaxby's and were paid on an hourly basis.

13. Plaintiff and members of the proposed class were not paid their hourly rates of pay for all hours spent working in a workweek.

14. Furthermore, in violation of § 29 U.S.C. § 211(c) and § 215 and 29 C.F.R. § 526, Zaxby's required employees to clock out when the business was slow and wait "off the clock" until business traffic would increase. Also, the plaintiff and others similarly situated were to attend pre-shift meetings without compensation.

15. In addition to the amount of overtime owed to the Plaintiff and members of the proposed class, Plaintiff and all others similarly situated to them are entitled to recover an

additional equal amount as liquidated damages, their attorneys' fees pursuant to 29 U.S.C. § 216(b), and prejudgment interest.

16. Zaxby's has not made a good faith effort to comply with the FLSA. Furthermore, Zaxby's actions in failing to properly compensate the Plaintiff and members of the proposed class in violation of the FLSA were willful because Zaxby's is aware of the status of the Plaintiffs, and the requirement to pay them, but failed to do so.

17. Zaxby's has willfully engaged in such conduct in violation of the Fair Labor Standards Act by engaging in a pattern or practice of:

    A. Otherwise failing to pay Plaintiff and members of the proposed collective action the rate of pay for all hours worked per workweek;

    B. Failing to keep accurate records showing all the time it permitted Plaintiff and members of the proposed collective action to work, which has resulted in the denial of compensation owed to them under the FLSA.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the case be certified as a collective action and that the Plaintiff and each member of the class recover from Zaxby's the following:

    A. An award of unpaid wages in an amount appropriate to the proof at trial;

    B. An award of liquidated damages in an amount appropriate to the proof at trial;

    C. Court costs and costs of litigation, including expert fees;

    E. Pre-judgment interest;

    D. Attorneys' fees; and

E.  Such other and further legal and equitable relief as the Court deems just.

## JURY DEMAND

Plaintiff, individually and as representatives of the class, requests a jury trial.

Respectfully submitted,

/s/ W. Todd Harvey
W. Todd Harvey
Georgia State Bar No. 335553
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
phone: 205-930-9091
fax: 205-930-9054
tharvey@bhflegal.com